KLEIN, Judge.
After appellant was convicted of sexual battery on a child and indecent assault, he was declared a sexual predator pursuant to section 775.21, Florida Statutes (1993). In his prior appeal from his conviction, he argued that the trial court erroneously allowed him to represent himself without a knowing and intelligent waiver under Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). We affirmed, finding that there was a proper waiver. Morris v. State, 667 So.2d 982 (Fla. 4th DCA 1996).
At the hearing on the state’s motion to have appellant declared a sexual predator, the court informed appellant of his right to counsel which appellant rejected. The court did not go through the Faretta requirements at that hearing. Appellant argues that the court should have gone through all of the waiver requirements at the hearing; however, he has not cited any authority to support his argument. Florida Rule of Criminal Procedure 3.111(d)(5) provides that once a defendant has waived the right to counsel “the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the defendant appears without counsel.” The court did offer counsel at the hearing, and we therefore affirm.
GUNTHER and FARMER, JJ., concur.